**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MIDLAND CREDIT MANAGEMENT, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JEANNIE MATTHEWS

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the Information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more Information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more In a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of Solano County<br><br>600 Union Avenue<br>Fairfield, CA 94533 | **CASE NUMBER:**<br>*(Número del Caso):*<br>FCM143008 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

| DATE:<br>*(Fecha)* SEP 1 7 2014 | Clerk, by<br>*(Secretario)* K. COWGILL | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Midland Credit Management, Inc.

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit 1
Page 1

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Todd M. Friedman, Esq. SBN 216752
Law Offices of Todd M. Friedman
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
TELEPHONE NO.: 877-206-4741        FAX NO.: 866-633-0228
ATTORNEY FOR *(Name):* Plaintiff, Jeannie Matthews

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Solano
STREET ADDRESS: 600 Union Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Fairfield, 94533
BRANCH NAME:

**FOR COURT USE ONLY**

K. COWGILL

CASE NAME:
Jeannie Matthews v. Midland Credit Management, Inc.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER FCM143008 |
|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: David Edward Power DEPT: 4 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 9, 2014
Todd M. Friedman
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Exhibit 1
Page 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]          **CIVIL CASE COVER SHEET**          Page 2 of 2

Exhibit 1
Page 3

1   Todd M. Friedman (216752)
     Suren N. Weerasuriya (278521)
2   Law Offices of Todd M. Friedman, P.C.
3   324 S. Beverly Dr., #725
     Beverly Hills, CA 90212
4   Phone: 877-206-4741
     Fax: 866-633-0228
5   tfriedman@attorneysforconsumers.com
6   sweerasuriya@attorneysforconsumers.com
     Attorneys for Plaintiff
7

2014 SEP 17  A 10 50

K. COWGILL

ASSIGNED TO
JUDGE David Edwin Power
FOR ALL PURPOSES

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA
9               FOR THE COUNTY OF SOLANO
                   LIMITED JURISDICTION
10

| | |
|---|---|
| 11 | ) Case No. FCM143008 |
| | ) |
| 12  JEANNIE MATTHEWS, | ) COMPLAINT FOR VIOLATION |
| | ) OF ROSENTHAL FAIR DEBT |
| 13  Plaintiff, | ) COLLECTION PRACTICES ACT AND |
| | ) FEDERAL FAIR DEBT COLLECTION |
| 14     vs. | ) PRACTICES ACT |
| | ) |
| 15  MIDLAND CREDIT MANAGEMENT, | ) (Amount not to exceed $10,000) |
| 16  INC., | ) |
| | ) 1.  Violation of Rosenthal Federal |
| 17  Defendant. | )     Fair Debt Collection Practices Act |
| | ) 2.  Violation of Fair Debt Collection |
| 18 | )     Practices Act |
| 19 | ) |

20

21                        I. INTRODUCTION

22        1. This is an action for damages brought by an individual consumer for Defendant's

23  violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.*

24  (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

25  (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive,

26  deceptive, and unfair practices.

27

28

Complaint - 1

Exhibit 1
Page 4

## II. PARTIES

2.     Plaintiff, Jeannie Matthews ("PLAINTIFF"), is a natural person residing in Solano County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.     At all relevant times herein, DEFENDANT, Midland Credit Management, Inc. ("DEFENDANT"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from PLAINTIFF which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  DEFENDANT regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4.     At various times prior to the filing of the instant complaint, including within one year preceding the filing of this complaint, DEFENDANT attempted to collect an alleged outstanding debt from Plaintiff.

5.     On or about November, 2013, Defendant began calling Plaintiff's ex-husband regarding an alleged debt owed by Plaintiff.  Defendant called Plaintiff's ex-husband at least three times on November 24, 2013.

6.     Defendant continued to call Plaintiff's ex-husband throughout December, 2013. Defendant had been notified and should have been aware that Plaintiff was not available at her ex-husband's phone number.

7.     On March 13, 2014, Plaintiff's counsel sent a notice of representation and request for validation of the debt to Defendant.  Defendant responded via mail on March 24,

Exhibit 1
Page 5

1  2014, and stated that it had opened an investigation and would provide the requested

2  documents. No such documents have been provided at this time.

3       8.    DEFENDANT'S conduct violated the RFDCPA and FDCPA in multiple ways,

4  5  including but not limited to:

6          a)  In connection with an attempt to collect an alleged debt from
            Plaintiff, contacting a third party for purposes other than
7           obtaining location information (§1692b & §1692c(b));

8          b)  In connection with an attempt to collect an alleged debt from
            Plaintiff, providing the identity of Defendant to a third party
9           without such information being expressly requested (§1692b(1)
10          & §1692c(b));

11         c)  Disclosing to a third party the existence of the debt allegedly
            owed by Plaintiff (§1692b(2) & §1692c(b)); and
12

13         d)  Communicating with a single third party more than once in
            connection with an attempt to collect an alleged debt from
14          Plaintiff (§1692b(3) & §1692c(b)).

15  16     9.    As a result of the above violations of the FDCPA and RFDCPA, Plaintiff

17  suffered and continues to suffer injury to PLAINTIFF'S feelings, personal humiliation,

18  embarrassment, mental anguish and emotional distress, and DEFENDANT is liable to

19  20  PLAINTIFF for PLAINTIFF'S actual damages, statutory damages, and costs and attorney's

21  fees.

22          **COUNT I: VIOLATION OF ROSENTHAL**
            **FAIR DEBT COLLECTION PRACTICES ACT**

23  24     10.   PLAINTIFF reincorporates by reference all of the preceding paragraphs.

25     11.   To the extent that DEFENDANT'S actions, counted above, violated the

26  RFDCPA, those actions were done knowingly and willfully.

27

28

Complaint - 3

Exhibit 1
Page 6

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees;
    D.    For such other and further relief as may be just and proper.

**COUNT II: VIOLATION OF FAIR DEBT
COLLECTION PRACTICES ACT**

12.    PLAINTIFF reincorporates by reference all of the preceding paragraphs.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

    A.    Actual damages;
    B.    Statutory damages;
    C.    Costs and reasonable attorney's fees; and,
    D.    For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 9th day of August, 2014.

    By:

        Todd M. Friedman, Esq.
        Law Offices of Todd M. Friedman, P.C.
        Attorney for Plaintiff

Complaint - 4

Exhibit 1
Page 7



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SOLANO

## CIVIL DIVISION

| Hall of Justice | Old Solano Courthouse | Solano Justice Center |
|---|---|---|
| 600 Union Avenue | 580 Texas Street | 321 Tuolumne Street |
| Fairfield, CA 94533 | Fairfield, CA 94533 | Vallejo, CA 94590 |
| (707) 207-7330 | (707) 207-7330 | (707) 561-7830 |

---

Plaintiff(s):  MATTHEWS, JEANNIE

Defendant(s):  MIDLAND CREDIT MANAGEMENT, INC.

Case No. FCM143008

**NOTICE OF CASE MANAGEMENT CONFERENCE ONE AND NOTICE OF ASSIGNMENT OF JUDGE FOR ALL PURPOSES**

---

**PURSUANT TO LOCAL RULES AND BY ORDER OF THIS COURT, THIS MATTER HAS BEEN CALENDARED FOR CASE MANAGEMENT CONFERENCE ONE:**

Date:  January 13, 2015                    Time:  8:30 a.m.

**THIS MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES TO:**

Judge David Edwin Power

**ALL HEARINGS WILL BE HELD AT:** 600 Union Avenue, Fairfield, CA 94533 until September 19, 2014

580 Texas Street, Fairfield, CA 94533 effective September 22, 2014

---

The obligations of counsel, or any party not represented by an attorney, in regard to Case Management Conference One and any Case Management Conference Two set by the court are as follows:

(1)  Service of the complaint must be within sixty (60) calendar days of the date of filing.

(2)  Service and filing of responsive pleading must be within thirty (30) days after service of the complaint. The time for filing responsive pleading may not be extended except as authorized by Government Code section 68616. *Appearance at the Case Management Conference does not excuse a litigant from the requirement of filing and serving a responsive pleading within this deadline.*

(3)  Plaintiff shall serve a copy of this *Notice of Case Management Conference One* on all defendants with the complaint.

(4)  Any party serving a cross-complaint shall serve a copy of this *Notice of Case Management Conference One* on each cross-defendant with the cross-complaint.

(5)  Any cross-complaint served after Case Management Conference One has been held shall have a *Notice of Case Management Conference Two* served with it.

(6)  A *Case Management Statement* shall be filed with the court and served on all parties by each counsel by the 15th calendar day before the date set for Case Management Conference One.

(7)  At least one party demanding a jury on each side of a civil case must pay a nonrefundable fee of $150.00 on or before the initial case management conference or as otherwise provided by statute.

---

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

Exhibit 1
Page 8

(8) At Case Management Conference One the court shall inform counsel and self-represented parties of the date, time and place for Case Management Conference Two and shall make any orders regarding what is expected that counsel and self-represented parties will accomplish in regard to the case before the filing of the *Case Management Statement* for Case Management Conference Two.

(9) Each counsel shall complete, file, and serve on all parties a completed *Case Management Statement* by the 15th calendar day before the date set for Case Management Conference Two.

(10) At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case, and have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case.  This applies equally to both attorneys of record and specially-appearing counsel.

(11) The court may impose sanctions pursuant to Solano County Local Rules, rule 4.6, in the event that a *Case Management Statement* is not timely filed and/or served, or is not fully completed, or the requirements of Rule 4.6 are not met.

> **COUNSEL AND SELF-REPRESENTED PARTIES ARE OBLIGATED TO REVIEW AND COMPLY WITH LOCAL RULES REGARDING CIVIL LITIGATION.**

## AFFIDAVIT OF SERVICE

I, the undersigned, declare under penalty of perjury that I am employed as a deputy clerk of the above-entitled court and not a party to the within-entitled action, and that I served this notice as follows:

☐   I personally served the person named below on (*date*): _____ at

(*time*) _____.

Name: _____

☐ Party      ☐ Attorney of Record      ☐ Representative

> I, _____, acknowledge receipt of a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes.*
>
> Date: _____      _____
>                                                            Signature

☑   I caused to be placed a true copy of this notice in an envelope which was then sealed and postage fully prepaid on the date shown below; that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; that the above stated document will be deposited in the Superior Court of California, County of Solano's outgoing mailbox for collection by county mail carriers on the date indicated.  Said envelope was addressed to the attorneys for the parties, or the parties, as shown below:

Law Offices of Todd M. Friedman, PC
324 S. Beverly Dr., #725
Beverly Hills, CA 90212

☐ See attached for additional service addresses

Date: September 17, 2014                Clerk of the Court
                                                         Superior Court of California, County of Solano

                                                         By: _____
                                                                  K. COWGILL
                                                                         Deputy Clerk

Exhibit 1
Page 9